PARRO, J.,
dissenting.
hi respectfully disagree with the majority opinion, because I believe the investigatory stop of the defendant was an unlawful seizure in violation of the Louisiana and United States Constitutions.
In Delaware v. Prouse, 440 U.S. 648, 653, 99 S.Ct. 1891, 1396, 59 L.Ed.2d 660 (1979), the Supreme Court stated that the acts of stopping an automobile and detaining its occupants constitute a “seizure” within the meaning of the Fourth Amendment to the United States Constitution, even if the purpose of the stop is limited and the resulting detention quite brief. Therefore, there must be an articulable and reasonable suspicion of a violation of law before such a stop can be made. Delaware, 440 U.S. at 663, 99 S.Ct. at 1401. The Louisiana Supreme Court has recognized that an anonymous tip may provide reasonable suspicion for an investigatory stop, if it accurately predicts future conduct in sufficient detail to support a reasonable belief that the informant had reliable information regarding the suspect’s illegal activity. State v. Smith, 00-1828 (La.5/25/01), 785 So.2d 815, 816 (per curiam). In Florida v. J.L., 529 U.S. 266, 270, 120 S.Ct. 1375, 1378, 146 L.Ed.2d 254 (2000), the United States Supreme Court also recognized that there are situations in which an anonymous tip, suitably corroborated, ^exhibits sufficient indicia of reliability to provide reasonable suspicion to make an investigatory stop. However, “the reasonable suspicion ... requires that a tip be reliable in its assertion of illegality, not just in its tendency to identify a determinate person.” Florida v. J.L., 529 U.S. at 272, 120 S.Ct. at 1379.
In the matter before us, the police received an anonymous tip from a caller claiming that a driver he was following might be driving while intoxicated. The caller identified the automobile by make and license number and provided the police dispatcher with up-to-date locations of the vehicle. A police office located the vehicle in question, got behind it, and activated his emergency lights to notify the driver to stop. The officer did not see any traffic violations while he was behind the vehicle. The driver pulled into the driveway of his grandparents’ house, stopped, and got out of the car. The anonymous caller did not stop at the scene, so no statement was taken from him.
The above are the only facts relevant to the issue of whether the investigatory stop was lawful. In this case, there is no evidence that the anonymous caller observed or described any traffic violations or driving problems while he followed the defendant. His information provided only a means of identification and the location of the defendant. The police officer admitted that he did not observe the defendant violating any traffic laws, driving erratically, or engaging in any other suspicious activity. There was absolutely no corroboration of the anonymous tip indicating that the defendant may be driving while intoxicated. Therefore, nothing in these circumstances provided any reliability for the assertion of illegal activity. The anonymous tip did not describe the defendant’s conduct at all, much less predict future conduct in sufficient detail to support a reasonable belief that the informant had *1107 reliable information regarding the suspect’s illegal activity.
Under these circumstances, the investigatory stop of the defendant was unlawful under our state and federal constitutions, and the trial court erred in denying the defendant’s motion to suppress evidence seized subsequent to and as a result of that stop. Therefore, I would grant the motion to suppress, vacate the defendant’s conviction and sentence, and remand this case to the trial court for further proceedings.
McCLENDON, J., agrees, and assigns additional reasons.
hi agree with the majority that the anonymous tip was sufficiently reliable when viewed in the totality of the circumstances. The anonymous caller identified the make, model, color, license plate number, and in-time movement of the vehicle in question, thus enabling the police officer to locate said vehicle. The anonymous tip further reported that the driver of the vehicle appeared to be intoxicated. Driving while intoxicated is a criminal activity, which poses an immediate danger to the driver and to the public and reflects the need to promptly follow up on tips of such activity. Because an intoxicated or erratic driver poses such a significant risk of death or injury to himself and to the public, I believe that factor, when combined with the circumstances surrounding the anonymous tip, sufficiently supports the reasonableness of the investigatory stop.